IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JUAN JOSE ZUNIGA HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 318-011 |
| | ) | |
| STACY STONE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, a federal inmate at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241.  Respondent filed a Motion to Dismiss, (doc. no. 4), which Petitioner opposes (doc. no. 5).  The Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED**, Petitioner's § 2241 motion be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

I.    BACKGROUND

In 1993, a grand jury in the Eastern District of Louisiana returned an indictment against Petitioner and two co-defendants charging Petitioner with conspiracy to distribute heroin, distribution of heroin, using and carrying firearms and machine guns during and in relation to a drug trafficking crime ("924(c) charge"), and possession of machine guns. United States v. Zuniga, 18 F.3d 1254, 1257 (5th Cir. 1994).  Petitioner pleaded guilty to all four counts, and the court sentenced him to three concurrent terms of seventy-eight months,

as well as a consecutive term of thirty-years on the 924(c) charge. Id. Petitioner appealed, challenging his conviction on the § 924(c) conviction, but the Fifth Circuit Court of Appeals affirmed. Id. at 1257-59.

Petitioner then filed a motion pursuant to 28 U.S.C. § 2255, arguing his sentence was improperly calculated, his conviction on the 924(c) charge "resulted from a judicial enlargement of the statute in violation of the *ex post facto* clause," and his trial counsel provided ineffective assistance. United States v. Hernandez, 79 F.3d 1144 (5th Cir. 1996) (*per curiam*) (unpublished table decision). The district court denied relief, and the Fifth Circuit affirmed the denial. Id. Petitioner then unsuccessfully sought relief under 28 U.S.C. § 2241 from the District Court in the Eastern District of Texas, again challenging his conviction on the 924(c) charge based on Bailey v. United States, 516 U.S. 137 (1995). See Zuniga-Hernandez v. Childress, 205 F. App'x 236, 237 (5th Cir. 2006) (*per curiam*). The Fifth Circuit affirmed rejection of Petitioner's § 2241 challenge. Id. As detailed in the Motion to Dismiss and Fifth Circuit case law, Petitioner has continued to file numerous post-conviction motions and petitions in his court of conviction, the Fifth Circuit, and various districts where he has been confined. Zuniga-Hernandez v. Childress, 548 F. App'x 147, 149-50 (5th Cir. 2013) (*per curiam*); doc. no. 4, pp. 2-3 (collecting cases); doc. nos. 4-1, 4-2.

Now incarcerated in the Southern District of Georgia, Petitioner has again filed a § 2241 petition, arguing he is actually innocent of the 924(c) charge for which he was convicted based on Watson v. United States, 552 U.S. 74 (2007). In Watson, the Supreme Court held trading drugs for a gun is not "use" of a "firearm 'during and in relation to . . . [a] drug trafficking crime' within the meaning of 18 U.S.C. § 924(c)(1)(a)." 552 U.S. at 76.

Despite pleading guilty to using *and carrying* firearms in relation to a drug trafficking crime, Petitioner maintains his § 924(c) conviction is based on a non-existent offense because "receiving guns in payment for drug(s) does not constitute 'use' under § 924(c)(1)." (Doc. no. 1, p. 3.)  This is the same claim Petitioner lost in his § 2241 petition filed in the Eastern District of Texas, and the appeal he filed in the Fifth Circuit. Zuniga-Hernandez, 548 F. App'x at 150-51.

## II.  DISCUSSION

Under the general habeas corpus statute, "district courts . . . within their respective jurisdictions" may grant writs of habeas corpus to prisoners "in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2241.  However, "[t]ypically, collateral attacks on the validity of a federal sentence must be brought under § 2255."  Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005); see also Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351-52 (11th Cir. 2008).  Under limited circumstances, a provision of § 2255, known as the "savings clause," permits a federal prisoner to challenge the legality of his detention in a § 2241 petition when the "remedy by motion is inadequate or ineffective to test the legality of [a petitioner's] detention."  See § 2255(e); Williams v. Warden, Fed. Bur. of Prisons, 713 F.3d 1332, 1340-41 (11th Cir. 2013).  Petitioner bears the initial burden of establishing satisfaction of the "savings clause," Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006) (*per curiam*), and such satisfaction is a jurisdictional prerequisite for a court to consider a § 2241 petition. Williams, 713 F.3d at 1337-38.

In McCarthan v. Director of Goodwill Industries-Suncoast, Inc., the Eleventh Circuit explained the savings clause analysis as follows:

> [W]e ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer that question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate [under § 2255]. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

851 F.3d 1076, 1099 (11th Cir.) (*en banc*), *cert denied sub nom.* McCarthan v. Collins, 138 S. Ct. 502 (U.S. 2017).

Even where adverse circuit precedent may have previously rendered a petitioner's claim meritless, the §2255 remedy will not be considered inadequate or ineffective: "[w]hether circuit precedent 'was once adverse to a prisoner has nothing to do with whether his motion to vacate his sentence is inadequate or ineffective to test the legality of his detention.'" Id. at 1085-86 (citation omitted). Neither the existence of new case law, newly discovered facts, nor an "incorrect" decision by the § 2255 court can satisfy the savings clause because "[i]f the savings clause guaranteed *multiple* opportunities to test a conviction or sentence, then the bar against second and successive motions under § 2255(h) would become a nullity.'" Id. at 1090 (citation omitted).

Furthermore, the procedural requirements of § 2255, including the prohibition against successive petitions, does not make the remedy inadequate. Id. at 1090-92 ("Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255 and undermines the venue provisions."); see also Darby, 405 F.3d at 945; Harris v. Warden, 801 F.3d 1321, 1324 (11th Cir. 2015) (*per curiam*) (concluding that regardless of whether a court of appeals will actually certify a

4

successive § 2255 motion, § 2255 is adequate to test the legality of a petitioner's sentence). In sum, McCarthan stands for the proposition that the saving clause is to only be applied in "limited circumstances" where a petitioner's claims cannot be remedied by § 2255. 851 F.3d at 1093.

Petitioner's case does not present the "limited circumstances" described in McCarthan warranting application of the savings clause. Petitioner relies on now-overturned prior circuit precedent, (doc. no. 5, p. 2), that allowed a petitioner to challenge a sentence under the savings clause where a retroactively applicable Supreme Court decision overturns circuit precedent. See McCarthan, 851 F.3d at 1082-84, 1099. However, "the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion." Bernard v. FCC Coleman Warden, 686 F. App'x 730, 730 (11th Cir. 2017) (*per curiam*) (citing McCarthan at 1085-92), *cert. denied*, Bernard v. Jarvis, 138 S. Ct. 1164 (U.S. 2018). Petitioner had access to adequate procedures to test his § 924(c) claim in a § 2255 motion and petitions to the Fifth Circuit for permission to file second and successive § 2255 motions after the Supreme Court's decision in Watson. (See doc. nos. 4-1, 4-2.)

Importantly, the savings clause guarantees only the ability to "test" a claim; it does not require the test be successful.

> "To test" the legality of his detention and satisfy the saving clause, a prisoner is not required "to win" his release. "To test" means "to try." To try a claim, a "petitioner [must have] an *opportunity* to bring his argument." The opportunity to test or try a claim, however, neither guarantees any relief nor requires any particular probability of success; it guarantees access to a procedure.

McCarthan, 851 F.3d at 1086 (citations omitted).

5

That Petitioner has never successfully tested his detention does not mean he may continue filing until he happens upon a court that may see things differently than prior courts which denied his challenge (repeatedly).  Petitioner fails to show the remedy under § 2255 is inadequate or ineffective to test the legality of his detention, and accordingly, the savings clause does not apply to his claim.  Thus, his § 2241 petition constitutes an improper attempt to circumvent the requirements for filing second and successive § 2255 motions.  Petitioner cannot avoid these requirements simply by raising his challenge in a different court, purportedly under § 2241.  Id. at 1092.  This Court lacks jurisdiction to address the petition, and the Motion to Dismiss should be granted.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** Respondent's Motion to Dismiss be **GRANTED**, (doc. no. 4), Petitioner's § 2241 motion be **DISMISSED**, this civil action be **CLOSED**, and an appropriate judgment of dismissal be **ENTERED**.

SO REPORTED and RECOMMENDED this 11th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA